Case 4:23-cv-00531   Document 65   Filed on 03/21/24 in TXSD   Page 1 of 3

United States District Court
Southern District of Texas
**ENTERED**
March 21, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TURN2 SPECIALTY COMPANIES LLC, § § | | |
| *Plaintiff,* § § | | |
| v. § | Case No. 4:23-CV-00531 | |
| § | | |
| XL SPECIALTY INSURANCE CO., § | | |
| *et al.*, § | | |
| *Defendants.* § | | |

## MEMORANDUM & ORDER

Before the Court is Plaintiff's response, ECF No. 64, to the Court's Order to Show Cause, ECF No. 62, questioning subject-matter jurisdiction.[1] Based on a review of Plaintiff's response and the documentation attached thereto, *see* ECF No. 64, 64-6, the Court is satisfied that it has jurisdiction over this action.

Diversity jurisdiction requires complete diversity between the plaintiffs and defendants. 28 U.S.C. § 1332(a)(1); *McKee v. Kansas City S. Ry. Co.*, 358 F.3d 329, 333 (5th Cir. 2004). For diversity purposes, the citizenship of an LLC "is determined by the citizenship of all of its members," and the plaintiff "must specifically allege the citizenship of every member of every LLC." *MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 314 (5th Cir. 2019) (quotations omitted).

---

[1] The district judge to whom this case was assigned referred this case for all pretrial proceedings under 28 U.S.C. § 636(b)(1). *See* Order, ECF No. 58.

As previously noted in the Order to Show Cause, ECF No. 62, Plaintiff is an LLC invoking federal diversity jurisdiction under § 1332(a)(1). Pl.'s Second Am. Compl., ECF No. 35 ¶¶ 1, 5. However, absent from the pleadings is the identity or citizenship of Plaintiffs LLC members.

In its response, Plaintiff states that it has four members: three individuals domiciled in Texas, and one corporate entity. ECF No. 64 at 1-2. The corporate entity is Red Dirt Ventures, L.P., whose limited partners are both Texas citizens, and whose general partner is Red Dirt Management, LLC. *Id.* at 2-3. The sole member of Red Dirt Management, LLC, is also a Texas citizen. *Id.* at 2. This information—alleging Texas citizenship as of February 13, 2023, the date Plaintiff filed its original complaint—is supported by the declaration of Joe Vardell, Plaintiff's president and manager. ECF No. 64-6. Plaintiff also explains that Defendants are each citizens of other states—Delaware, New Jersey, and Connecticut—as confirmed by admissions in their docket filings. ECF No. 64 at 3-4. Accordingly, complete diversity between Plaintiff and Defendants exists, and jurisdiction is proper.

Plaintiff further represents that it will amend the pleadings to clarify the basis for diversity jurisdiction. *Id.* at 1. In addition, Plaintiff avers that it intends to consolidate its pleadings and address the issues raised in the pending motion to dismiss.[2] *Id.* Plaintiff is also working toward a stipulated transfer of its claims against

---

[2] XL Specialty Insurance Co.'s MTD, ECF No. 43.

Defendant Mt. Hawley Insurance Co., who filed a motion to sever and transfer.[3] *Id.*

Based on these representations, the Court, in its discretion, **GRANTS** leave to amend the pleadings *sua sponte*. *See* FED. R. CIV. P. 15(a)(2) ("The court should freely give leave [to amend] when justice so requires."); *Filgueira v. U.S. Bank Nat'l Ass'n*, 734 F.3d 420, 422 (5th Cir. 2013) (noting "good cause" showing necessary only for amendments after scheduling order deadline). Plaintiff shall file its third amended complaint on the docket, as well as an agreed motion to sever and transfer, by April 9, 2024, before the scheduled status conference. Accordingly, the Court **MOOTS** Defendants' pending motions, ECF Nos. 43, 45, subject to reinstatement if Plaintiff fails to timely file its amendment or an agreed motion to sever and transfer.

**IT IS SO ORDERED.**

Signed on March 21, 2024, at Houston, Texas.

_____
**Dena Hanovice Palermo**
**United States Magistrate Judge**

---

[3] ECF No. 45